IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STEPHANIE RODRIGUEZ, ET AL., ) | CIV. NO. 08-00189 |
| ) | |
|     PlaintiffS, ) | |
| ) | ORDER AFFIRMING MAGISTRATE |
|   vs. ) | JUDGE'S ORDER DENYING |
| ) | DEFENDANT'S MOTION TO MODIFY |
| GENERAL DYNAMICS ARMAMENT AND ) | SUBPOENA DUCES TECUM OF MO |
| TECHNICAL PRODUCTS, INC., ET ) | MASCHINI AND FOR PROTECTIVE |
| AL. ) | ORDER AND TRIMAS JOINDER |
| ) | |
|     Defendants. ) | |
| _____ ) | |

ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER DENYING DEFENDANT'S
MOTION TO MODIFY SUBPOENA DUCES TECUM OF MO MASCHINI AND FOR
PROTECTIVE ORDER AND TRIMAS JOINDER

I.    INTRODUCTION.

    On April 9, 2010, Defendant General Dynamics Armament and Technical Products ("GDATP") appealed the Magistrate Judge's order requiring that certain documents and information be given to Plaintiffs. GDATP says that the documents and information are privileged, and thus no entity should be required to produce them. The court affirms the Magistrate Judge's ruling.

II.    STANDARD OF REVIEW.

    A magistrate judge has jurisdiction to enter an order, rather than to issue recommendations to the district court, on any matter that is not dispositive of a claim or defense of a party. See 28 U.S.C. § 636(b)(1)(A). A magistrate judge's order may be reversed by a district court judge only when it is "clearly erroneous or contrary to law." 28 U.S.C.

§ 636(b)(1)(A); Fed. R. Civ. P. 72(a).  Discovery disputes are usually nondispositive matters.  <u>Haw. Disability Rights v. Cheung</u>, 2007 WL 2581468, *3 (D. Haw. Sept. 4, 2007).

III.     <u>BACKGROUND.</u>

At some point, GDATP and TriMas Corporation formed a Joint Defense Agreement.  On June 18, 2009, GDATP filed a Third-Party Complaint against TriMas.  On December 24, 2009, this court approved a stipulation that dismissed claims by and against TriMas without prejudice.

On February 22, 2010, GDATP filed a notice to take a video deposition of the TriMas corporate representative, Mo Maschini.  Docket No. 360.  On March 5, 2010, Plaintiffs served a subpoena on TriMas that requested the production of any Joint Defense Agreement, and "any and all written communications, including but not limited to letters, between TriMas and General Dynamics Armament and Technical Products, Inc., including communications between counsel."

On March 12, 2010, GDATP filed a motion to modify the subpoena, and sought a protective order precluding Plaintiffs from requesting the information.  Docket No. 412.  In its motion, GDATP argued that the subpoena sought privileged information.  GDATP argued that the Joint Defense Agreement and communications between TriMas and GDATP are protected by the joint defense privilege.

On April 7, 2010, the Magistrate Judge denied GDATP's motion. After reviewing the Joint Defense Agreement in camera, the Magistrate Judge found that it did not contain any privileged or protected material. Order at 9. The Magistrate Judge ordered that GDATP or TriMas turn over the Joint Defense Agreement by April 13, 2010. With respect to the communications, the court found that the joint defense privilege did not apply, as it was unclear whether correspondence had been drafted after TriMas was dismissed from the action or before the parties entered into the Joint Defense Agreement. Order at 10. Because of the uncertainty, the court found it "appropriate to deny without prejudice the request to preclude discovery sought in paragraph 1 of exhibit A." Order at 11.

On April 9, 2010, GDATP appealed the Magistrate Judge's order. GDATP appeals the ruling that GDATP or TriMas must produce the Joint Defense Agreement and that correspondence between GDATP and TriMas is not protected by the joint defense privilege. GDATP also filed a motion to stay the enforcement of the order, pending this appeal.

IV.     ANALYSIS.

    A.     GDATP Shows No Clear Error in the Magistrate Judge's Determination That The Joint Defense Agreement Contains No Protected or Privileged Information Making the Joint Defense Privilege Applicable.

GDATP argues that the Magistrate Judge clearly erred in

holding that the joint defense privilege did not protect GDATP or TriMas from disclosing the Joint Defense Agreement.  GDATP says that the joint defense privilege can only be waived by all parties that share the privilege.  GDATP says that TriMas shares this privilege with GDATP, and that TriMas has not consented to disclosure or otherwise waived the privilege.  GDATP says that therefore neither it nor TriMas can be required to disclose the Joint Defense Agreement.  The court is not persuaded.

The joint defense privilege protects privileged communications between parties who share a common interest in litigation.  <u>Waller v. Fin. Corp. of Am.</u>, 828 F.2d 579, 583 n.7 (9th Cir. 1987); <u>see</u> Order at 7 (discussing the privilege); <u>In re Grand Jury Subpoenas</u>, 902 F.2d 244, 248-49 (4th Cir. 1990).  Under this privilege, "communications by a client to his own lawyer remain privileged when the lawyer subsequently shares them with co-defendants for purposes of a common defense." <u>Waller</u>, 828 F.2d at 583 n.7 (internal citations omitted).  However, "the joint defense or common interest rule presupposes the existence of an otherwise valid privilege," such as the attorney-client privilege, or the work-product doctrine.  902 F.2d at 249.  The Magistrate Judge held that the Joint Defense Agreement "does not contain any privileged or protected material."  Order at 9.  This court finds no clear error in the Magistrate Judge's conclusion that, as the Joint Defense Agreement itself contains no

privileged or protected material, the joint defense privilege is inapplicable. As it turns out, GDATP appears to be arguing not that the Magistrate Judge erred in holding that the Joint Defense Agreement lacked privileged material, but only in holding that GDATP had waived any privilege with respect to information disclosed in the Joint Defense Agreement. As the joint defense privilege does not apply in the first place, the waiver issue is not dispositive of this issue.

>B.  GDATP Show No Clear Error In the Magistrate Judge's Ruling That The Record Did Not Establish the Applicability of the Joint Defense Privilege to Communications Between GDATP and TriMas.

GDATP next argues that "the Magistrate Judge's ruling that the joint defense/common interest privilege does not apply to communications between counsel for GDATP and counsel for TriMas which are otherwise protected by the attorney-client privilege and/or work product doctrine is contrary to law." The court finds no such error. The Magistrate Judge ruled, based on the current record, only that GDATP had not proven the applicability of the joint defense privilege. That ruling is not clearly erroneous.

The Magistrate Judge noted that a party asserting this joint defense privilege must establish that the communications were made in the course of a joint defense effort, that the statements were designed to further the effort, and that the

privilege has not been waived.  Order at 9-10.  The Magistrate Judge could not determine whether the communications were made in the course of a "joint defense effort," as the Magistrate Judge did not have the dates of the alleged correspondence between TriMas and GDATP.  This meant that, in the proceedings before the Magistrate Judge, GDATP did not meet its burden of proving that the defense applied.  This ruling is not contrary to law.  This court finds nothing in the record establishing that GDATP and TriMas communicated during or in furtherance of a joint defense effort.

Finally, GDATP argues that the joint defense privilege also applies to any correspondence between GDATP and TriMas before the Joint Defense Agreement was entered.  While an explicit agreement between the parties is not required to show a joint defense effort, the parties must share a common interest in litigation at the time of correspondence.  The Magistrate Judge ruled that GDATP had failed to show that GDATP and TriMas had a common interest in litigation.  On this appeal, GDATP does not point to where in the record it established a common interest in litigation.  Accordingly, the Magistrate Judge did not clearly err.

V.    CONCLUSION.

The court affirms the Magistrate Judge's order in its entirety.  This order renders moot the motion for a stay from an

order denying Defendants' Motion to Modify the Subpoena (docket number 457) and GDATP's ex parte motion to shorten time to hear this motion (docket number 460).  Those two related matters are therefore denied as moot.

       IT IS SO ORDERED.

       DATED: Honolulu, Hawaii April 12, 2010.



       /s/ Susan Oki Mollway
       Susan Oki Mollway
       Chief United States District Judge

Rodriguez v. General Dynamics Armament and Technical Products, Inc., Civ. No. 08-189 SOM-KSC; ORDER AFFIRMING THE MAGISTRATE JUDGE'S ORDER DENYING DEFENDANT'S MOTION TO MODIFY SUBPOENA DUCES TECUM OF MO MASCHINI AND FOR PROTECTIVE ORDER AND TRIMAS JOINDER.