IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STEPHANIE RODRIGUEZ; SAMUEL OYOLA-PEREZ; JULIUS RIGGINS; and NILDA MEYER, Individually and as personal representative of the estate of Wilfredo Dayandante )<br><br>Plaintiffs, )<br><br>vs. )<br><br>GENERAL DYNAMICS ARMAMENT AND TECHNICAL PRODUCTS, INC., et al., )<br><br>Defendants. ) | CIVIL NO. 08-00189 SOM/BMK<br><br>ORDER DENYING MOTION TO CONFIRM STAY PENDING APPEAL (DOCKET NO. 455); ORDER DENYING AS MOOT EX PARTE MOTION TO SHORTEN TIME TO HEAR MOTION (DOCKET NO. 458) AND PLAINTIFFS' JOINDER THEREIN (DOCKET NO. 471) |

ORDER DENYING MOTION TO CONFIRM STAY PENDING APPEAL
(DOCKET NO. 455); ORDER DENYING AS MOOT EX PARTE MOTION TO
SHORTEN TIME TO HEAR MOTION (DOCKET NO. 458) AND PLAINTIFFS'
JOINDER THEREIN (DOCKET NO. 471)

I.      INTRODUCTION.

        This action arises out of a premature explosion of a

mortar cartridge.  The cause of the explosion has not been

conclusively determined given the destruction of the mortar

cartridge in the explosion.  Plaintiffs contend that the

premature explosion was caused by a manufacturing defect.

Plaintiffs are not asserting a design defect claim and are

instead arguing that the mortar cartridge was not built to Army

specifications.  Defendant General Dynamics Armament and

Technical Products, Inc. ("GDATP"), on the other hand, contends

that the premature explosion was caused by human error, rather

than a defect in the manufacturing of the mortar cartridge.

GDATP moved for summary judgment, arguing in part that the government contractor defense barred Plaintiffs' claims. This court ruled that there is a question of fact as to whether the mortar shell was manufactured according to Government specifications.  The court noted that the government contractor defense was of limited utility in this case, given the parties' contentions that the premature explosion was caused by either a manufacturing defect or human error.  If the explosion was caused by a manufacturing defect, the mortar shell could not have been manufactured according to government specifications, and the government contractor defense would not apply.  On the other hand, if the explosion was caused by human error, GDATP would not be liable and the government contractor defense would be inapplicable.

GDATP has prematurely appealed this court's denial of its motion for summary judgment on the issue of the government contractor defense.  Because the government contractor defense derives from sovereign immunity, GDATP argues that this court's order pertains to immunity and is immediately appealable under the collateral order doctrine announced in Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545-47 (1949).  See Notice of Appeal (Apr. 9, 2010) (Docket No. 464).  This court disagrees. Because the denial of GDATP's motion for summary judgment is not immediately appealable, the court rules that GDATP's Notice of

Appeal does not divest this court of jurisdiction over this matter.  The court therefore denies GDATP's Motion to Confirm a Stay of All Proceedings (Apr. 9, 2010) (Docket No. 455), as well as GDATP's Ex Parte Motion to Shorten Time to Hear Motion (Apr. 9, 2010) (Docket No. 458) and Plaintiffs' joinder therein (Docket No. 471).

II.      BACKGROUND.

GDATP moved for summary judgment, arguing in relevant part that the government contractor defense bars Plaintiffs' claims.  See Defendants' Motion for Summary Judgment at 10-27 (Jan. 15, 2010) (Docket No. 283).  GDATP cited authority for the proposition that the government contractor defense bars claims for design defects in military equipment.  GDATP further argued that, when a product is manufactured in conformity with reasonably precise Government specifications, the government contractor defense bars such claims as well.  See id.

On March 11, 2010, this court denied GDATP's motion for summary judgment.  The court rejected GDATP's contention that, under the record before the court, GDATP was entitled to summary judgment based on the government contractor defense.  See Order Denying Motions for Summary Judgment (Docket Nos. 283 and 285) at 44-47 (March 11, 2010) (Docket No. 409).  The court noted that the government contractor defense extends sovereign immunity, providing a defense to a government contractor that unerringly

3

follows reasonably precise Government specifications.  When the government has made discretionary policy determinations regarding safety and combat effectiveness in designing military equipment, courts insulate government contractors that manufacture such equipment so long as the equipment is manufactured according to specifications.  Id.  This court did not rule that GDATP enjoyed sovereign immunity.  The court ruled only that a defense was extended to government contractors who follow government specifications in manufacturing military equipment.  There is no contention here that GDATP is itself a sovereign; rather, it is a company with a government contract.  GDATP, at best, is asserting a defense that derives from the government's sovereign immunity.

Based in part on statements by GDATP's own expert that the premature explosion was caused either by a defect or human error and that the exact cause of the explosion could not be determined because the evidence had been destroyed in the explosion, see Videotaped Deposition of Vincent Di Ricco Depo. at 56-57 (Dec. 2, 2009), the court found that there was a question of fact as to whether the mortar cartridge in question had been manufactured according to specifications.  Accordingly, the court ruled that GDATP was not entitled to summary judgment based on the government contractor defense.  See Order Denying Motions for Summary Judgment (Docket Nos. 283 and 285) at 46.

On April 6, 2010, the Magistrate Judge scheduled a settlement conference for April 26 and 27, 2010.  <u>See</u> Minutes (Apr. 6, 2010) (Docket No. 449).  A jury trial is scheduled for May 11, 2010.

III.   <u>ANALYSIS.</u>

On April 9, 2010, about a month after this court issued its order and about a month before the scheduled trial date, GDATP filed a Notice of Appeal, arguing that it is immune and that issues of immunity are subject to interlocutory appeal under the collateral order doctrine.  <u>See</u> Notice of Appeal (Apr. 9, 2010) (Docket No. 464).

Before this court is GDATP's motion to confirm that this matter is stayed pending its appeal to the Ninth Circuit of this court's determination that it was not entitled to summary judgment on its government contractor defense.  <u>See</u> Motion to Confirm a Stay of All Proceedings (Apr. 9, 2010) (Docket No. 455).  GDATP also seeks an expedited disposition of its motion to confirm a stay.  <u>See</u> Ex Parte Motion to Shorten Time to Hear Motion (Apr. 9, 2010) (Docket No. 458).  Plaintiffs have joined in GDATP's request to decide this matter on an expedited basis. <u>See</u> Plaintiffs' Joinder in GDATP's Ex Parte Application For Order to Shorten Time For Hearing on Defendant's Motion to Confirm a Stay of All Proceedings (Docket No. 471).

Because GDATP is appealing a nonappealable order, its appeal does not divest this court of jurisdiction.  This court denies the motion to confirm a stay of this case pending disposition of GDATP's Ninth Circuit appeal (Docket No. 455). The court denies the ex parte motion to shorten time (Docket No. 458) and Plaintiffs' joinder therein (Docket No. 471) as moot.

As a general rule, the filing of a notice of appeal divests this court of jurisdiction over those aspects of the case involved in the appeal.  See Griggs v. Provident Consumer Discount Co., 459, U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").  However, an appeal from an order that is neither final nor appealable does not divest this court of jurisdiction over the action or the aspects of the case involved in the appeal.  See Nascimento v. Dummer, 508 F.3d 905, 908 (9th Cir. 2007) ("When a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply."); Estate of Conners v. O'Conner, 6 F.3d 656, 658 (9th Cir. 1993) ("This transfer of jurisdiction from the district court to the court of appeals is not effected,

6

however, if a litigant files a notice of appeal from an unappealable order."); <u>Ruby v. Sec'y of U.S. Navy</u>, 365 F.2d 385, 389 (9th Cir. 1966) (en banc) ("Where the deficiency in a notice of appeal, by reason of untimeliness, lack of essential recitals, or reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction.").

        GDATP argues that this court's denial of its motion for summary judgment pertaining to the government contractor defense is immediately appealable under the collateral order doctrine. "In order to satisfy the collateral order rule's exacting standard, 'an order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment.'" <u>Thompson v. Frank</u>, __ f.3d __, 2010 WL 1197802 (9th Cir., Mar. 20, 2010) (quoting <u>In re Copley Press, Inc.</u>, 518 F.3d 1022, 1025 (9th Cir. 2008)).  Because a district court's denial of sovereign immunity is appealable under the collateral order doctrine, <u>see, e.g.</u>, <u>Doe v. Holy See</u>, 557 F.3d 1066, 1074 (9th Cir. 2009), GDATP argues that this court's denial of its motion for summary judgment based on the government contractor defense--a defense that derives from the government's

sovereign immunity--must also be immediately appealable.  This court disagrees.

None of the three factors set forth in <u>Thompson</u> is satisfied here.

First, this court did not "conclusively determine" whether GDATP is or is not entitled to prevail based on the government contractor defense.  This case is therefore unlike the cases in which a sovereign is allowed to appeal the denial of an assertion of sovereign immunity.  To the contrary, because this court determined that an issue of fact precludes a determination on summary judgment as to whether the government contractor defense applies, this case is similar to Ninth Circuit cases holding that, in the context of the denial of qualified immunity, cases are not immediately appealable when questions of fact exist for trial.  <u>See</u> <u>Jeffers v. Gomez</u>, 267 F.3d 895, 904-05 (9th Cir. 2001) ("Thus, we have jurisdiction over an interlocutory appeal from the denial of qualified immunity where the appeal focuses on whether the defendants violated a clearly established law given the undisputed facts, while we do not have jurisdiction over an interlocutory appeal that focuses on whether there is a genuine dispute about the underlying facts."); <u>Armendariz v. Penman</u>, 75 F.3d 1311, 1317 (9th Cir. 1996) (en banc) ("we have jurisdiction to review the district court's decision that the defendants' alleged conduct violated clearly established law, but the

collateral order doctrine does not provide appellate jurisdiction
to review the district court's decision that genuine issues of
material fact exist for trial.").

Second, the government contractor defense in this case
does not involve "an important issue completely separate from the
merits of the action."  To the contrary, the government
contractor defense turns on whether a jury determines that
Plaintiffs have demonstrated by a preponderance of the evidence
that the premature explosion of the mortar shell was caused by a
manufacturing defect.  If the jury determines that Plaintiffs
have not met that burden, or if the jury determines that the
explosion was caused by human error, GDATP will not be liable.
This determination will dispose of GDATP's government contractor
defense, which also requires a determination of whether GDATP
manufactured the mortar shell according to government
specifications.

Third, the denial of GDATP's motion for summary
judgment based on the government contractor defense is not
"effectively unreviewable on appeal from a final judgment."
GDATP has not demonstrated that the government contractor
defense, like sovereign immunity, involves immunity from the
burdens of trial.  GDATP is not a sovereign.  It is a government
contractor.  Although its defense derives from the government's
sovereign immunity, GDATP does not stand in the government's

shoes.  Instead, it has a defense to claims involving the government's discretionary decisions regarding the specifications of military equipment.

Because GDATP is clearly attempting to appeal a nonappealable order, this court is not divested of jurisdiction. For all purposes, this court will ignore the Notice of Appeal and proceed as if it had never been filed.  This court declines to stay this matter.  Jury selection remains scheduled for May 11, 2010.  Given an ongoing criminal trial before this judge, this judge has contacted other judges in this district about presiding over the trial of this action.  A visiting judge is also a possibility.  Of course, if the criminal case being tried by the presently assigned trial judge resolves itself before May 11, 2010, the presently assigned judge will preside over the trial of this matter.  This court will notify the parties whether the case is being reassigned or rescheduled, but, absent such notification, the parties should prepare for trial to begin on May 11, 2010.

IV.      CONCLUSION.

For the foregoing reasons, the motion to confirm a stay of this case (Docket No. 455) is denied without a hearing.  The

court also denies as moot GDATP's ex parte motion to expedite this matter (Docket No. 458) and Plaintiffs' joinder therein (Docket No. 471).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 13, 2010.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Rodriguez v. General Dynamics Armament and Technical Products, Inc., Civ. No. 08-00189 SOM/BMK; ORDER DENYING MOTION TO CONFIRM STAY PENDING APPEAL (DOCKET NO. 455); ORDER DENYING AS MOOT EX PARTE MOTION TO SHORTEN TIME TO HEAR MOTION (DOCKET NO. 458) AND PLAINTIFFS' JOINDER THEREIN (DOCKET NO. 471)