IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STEPHANIE RODRIGUEZ, Individually and as Guardian Ad Litem of J.C. RODRIGUEZ, a minor; SAMUEL OYOLA-PEREZ; JULIUS RIGGINS; and NILDA MEYER, Individually and as Personal Representative of the Estate of Wilfredo Dayandante, | ) CIVIL NO. 08-00189 SOM-KSC<br>)<br>) FINDINGS AND<br>) RECOMMENDATION TO GRANT IN<br>) PART AND DENY IN PART<br>) DEFENDANT'S BILL OF COSTS<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) |
| vs. | )<br>)<br>) |
| GENERAL DYNAMICS ARMAMENT AND TECHNICAL PRODUCTS, INC., | )<br>)<br>) |
| Defendant. | )<br>) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY
IN PART DEFENDANT'S BILL OF COSTS

On December 14, 2010, Defendant General

Dynamics Armament and Technical Products, Inc.

("Defendant") filed a Bill of Costs ("BOC").  On

December 28, 2010, Plaintiffs untimely filed an

Objection to the BOC.  On December 30, 2010, Defendant

filed a Response to the Objection.[1]  The Court finds

this matter suitable for disposition without a hearing

pursuant to Rule 7.2(d) of the Local Rules of Practice

of the U.S. District Court for the District of Hawaii

("Local Rules").

As an initial matter, the Court will address

the timeliness of the Objection.  Pursuant to Local

Rule 54.2(d), any objection to the BOC had to be filed

within 7 days after service of the BOC.  Rule 54.2(d)

provides:

> **Within seven (7) days after a Bill of
> Costs is served, the party against whom
> costs are claimed must file and serve any
> specific objections**, succinctly setting
> forth the grounds and authorities for each
> objection.  **Upon the <u>timely</u> filing of any
> objections, the clerk will refer both the
> Bill of Costs and objections to the court
> for a determination of taxable costs.**  If
> no such memorandum is filed within the
> required time, the movant shall notify the
> clerk that no objections have been filed.
> **When no <u>timely</u> objection has been filed,
> the clerk may tax all of the requested**

---

[1]  Defendant was not entitled to file a response to
the Objection.  Local Rule 54.2 contemplates the filing
of an objection, not any further response from the
party seeking costs.

**costs on fourteen (14) days' notice**.

Local Rule 54.2(d) (emphases added).  According to

Local Rule 54.2(d), Plaintiffs were required to file

their Objection by December 21, 2010.  Even with the

extra time provided for taking action as set forth in

Federal Rule of Civil Procedure ("FRCP") 6(d),

Plaintiffs' Objection was due on December 27, 2010.

Fed. R. Civ. P. 6(d) (adding 3 days to the time period

in which a party may or must act if service is made

under rule 5(b)(2)(C), (D), (E), or (F)); see also id.

6(a)(1)(C) ("[I]nclude the last day of the period, but

if the last day is a Saturday, Sunday, or legal

holiday, the period continues to run until the end of

the next day that is not a Saturday, Sunday, or legal

holiday.").  Consequently, the December 28, 2010 filing

is untimely.

        Nevertheless, even without considering

Plaintiffs' Objection, the Court finds that the

requested costs are subject to reductions.  As such,

the Court shall now evaluate the BOC.

        Defendant requests $68,837.91 in costs –

$1,891.00 for service of summons and subpoena;

$43,088.83 for printed or electronically recorded

transcripts necessarily obtained for use in the case;

$3,107.56 for witnesses; and $20,750.52 for

exemplification and the costs of making copies of any

materials where the copies are necessarily obtained for

use in the case.

FRCP 54(d)(1) provides that "[u]nless a federal

statute, these rules, or a court order provides

otherwise, costs-other than attorney's fees-should be

allowed to the prevailing party."  Fed. R. Civ. P.

54(d)(1).  The Local Rules provide that "[t]he party

entitled to costs shall be the prevailing party in

whose favor judgment is entered, or shall be the party

who prevails in connection with a motion listed in

LR54.2(b)."  Local Rule 54.2(a).

Courts have discretion to award costs pursuant

to Rule 54(d).  See Yasui v. Maui Electric Co., Ltd.,

78 F. Supp. 2d 1124, 1126 (D. Haw. 1999).  The burden

is on the losing party to demonstrate why costs should

not be awarded.  Stanley v. Univ. of Southern

California, 178 F.3d 1069, 1079 (9th Cir. 1999).

Here, Defendant is the prevailing party in this action, having obtained a favorable verdict and judgment having been entered in its favor on November 30, 2010.  The Court will therefore tax statutorily permitted costs in Defendant's favor.

While courts have discretion to award costs pursuant to FRCP 54(d), courts may only tax the costs specified in 28 U.S.C. § 1920.  See Yasui, 78 F. Supp. 2d at 1126 (citing Alflex Corp. v. Underwriters Laboratories, Inc., 914 F.2d 175, 177 (9th Cir. 1990); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987)).  Section 1920 enumerates the following costs:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of the title;
> (6) Compensation of court appointed

experts, compensation of interpreters,
and salaries, fees, expenses, and
costs of special interpretation
services under section 1828 of this
title.

28 U.S.C. § 1920; <u>Yasui</u>, 78 F. Supp. 2d at 1126.  The

Court addresses each of the costs requested by

Defendant in turn.

A.   <u>Service of Process</u>

Defendant requests $1,891.00 for the service of

deposition subpoenas.  Section 1920(1) allows for the

taxation of the fees of the marshal.  <u>See</u> <u>also</u> Local

Rule 54.2(f)(1) ("Fees for the service of process and

service of subpoenas by someone other than the marshal

are allowable, to the extent they are reasonably

required and actually incurred.").  Defendant submitted

invoices to support its request.  Because the cost of

serving subpoenas is compensable and Defendant has

provided proper documentation to the Court, the Court

finds that **$1,891.00** is taxable.

B.   <u>Transcript Costs</u>

Defendant requests $43,088.83 for transcript

costs – $24,451.04 for deposition transcripts and

$18,637.79 in daily trial transcripts.  Section 1920(2)

provides for the taxation of the "[f]ees of the court

reporter for all or any part of the stenographic

transcript necessarily obtained for use in the case."

28 U.S.C. § 1920(2).  Local Rule 54.2(f)(2) provides:

> The cost of a stenographic and/or video
> original and one copy of any deposition
> transcript necessarily obtained for use in
> the case is allowable.  A deposition need
> not be introduced in evidence or used at
> trial, so long as, at the time it was
> taken it could reasonably be expected that
> the deposition was used for trial
> preparation, rather than mere discovery.

Local Rule 54.2(f)(2).

   1.   Deposition Transcripts

        Based on a careful review of Defendant's

exhibits and the record in this case, it appears that

with the exception of the deposition transcripts for

Elias Barientes, Christopher Kennison, Randall Meyer,

Jonathan Riggins, and Julius Riggins, Sr., the

requested costs are permissible.  Defendant has not

established that the depositions for the foregoing

individuals were reasonably expected to be used for

trial preparation, rather than mere discovery.  Evanow

v. M/V Neptune, 163 F.3d 1108, 1118 (9th Cir. 1998)
(deposition transcript costs are taxable if they are
reasonably necessary for trial).  Defendant's
unsupported and conclusory explanation that the
depositions were needed to assist in trial cross
examination is insufficient.  Accordingly, the Court
recommends that the district court tax deposition
transcript costs pursuant to § 1920(2) and Local Rule
54.2(f) in the amount of **$21,936.29**.

    2.   Trial Transcripts

       With respect to the $18,637.79 in daily trial
transcripts, the Court finds that Defendant's request
is excessive and non-compensable.  The costs associated
with trial transcripts may, in certain circumstances,
be taxable.  However, Defendant has failed to
demonstrate why it was necessary to order 19 trial
transcripts.  Defense counsel represents that the
"daily trial transcripts assisted in presenting
accurate final argument, and the cross examination of
later witnesses."  Decl. of Edmund Burke ("Burke
Decl.") at ¶ 4.  While the transcripts may certainly

have been of value to the defense in preparing for

trial, Defendant has not explained why nearly

$20,000.00 in trial transcripts was necessary, as

opposed to counsel's notes and recollections.  It is

one thing to incur costs that a client has agreed to

bear and/or that assist in litigating a case, and

another to seek reimbursement for the excessive costs

from the opposing party.  Insofar as the Court is

unable to ascertain which, if any, trial transcripts

were necessarily obtained for use in the case, the

Court declines to tax the daily transcript costs.

C.   Witness Fees

         Defendant seeks reimbursement of witness

Phillip Leong's attendance and airfare in the amount of

$3,107.56 - $695.00 for 5 days attendance and $2,412.56

in airfare.  Witness fees are taxable pursuant to

§ 1920(3).  Local Rule 54.2(f)(3) further specifies

that "[p]er diem, subsistence, and mileage payments for

witnesses are allowable to the extent reasonably

necessary and provided for by 28 U.S.C. § 1821."  Local

Rule 54.2(f)(3); see also Clausen v. M/V New Carissa,

339 F.3d 1049, 1064 (9th Cir. 2003) (stating that

witness fees are taxable costs under § 1920(3), but are

limited to forty dollars per day under 28 U.S.C.

§ 1821(b)).  Section 1821(b) limits witness fees to

$40.00/day.  Because the fee requested for Mr. Leong's

attendance well-exceeds the allowable $40.00/day rate,

the Court must reduce the attendance cost to $200.00

($40.00 x 5 days).

> With respect to travel expenses, § 1821(c)(1)
>
> provides:

> A witness who travels by common carrier
> shall be paid for the actual expenses of
> travel on the basis of the means of
> transportation reasonably utilized and the
> distance necessarily traveled to and from
> such witness's residence by the shortest
> practical route in going to and returning
> from the place of attendance.  Such a
> witness shall utilize a common carrier at
> the most economical rate reasonably
> available.  A receipt or other evidence of
> actual cost shall be furnished.

28 U.S.C. § 1821(c)(1).  Defendant submitted an invoice

documenting that it incurred $2,412.56 for Mr. Leong's

economy roundtrip airfare from New Jersey.  The Court

is satisfied that Defendant has met the requirements

10

set forth in § 1821(c)(1) and accordingly taxes

$2,412.56 in airfare and $200.00 in attendance costs,

for a total of **$2,612.56**.

D.   Copying Costs

        Finally, Defendant requests reimbursement for

copying costs totaling $20,750.52.  Section 1920(4)

explicitly provides for the taxation of copying costs

and section 1920(3) provides for the taxation of

"[f]ees and disbursements for printing."   28 U.S.C.

§ 1920(3) & (4).   Local Rule 54.2(f)(4) sets forth

specific requirements that must be met.

> **The cost of copies necessarily obtained
> for use in the case is taxable provided
> the party seeking recovery submits an
> affidavit describing the documents copied,
> the number of pages copied, the cost per
> page, and the use of or intended purpose
> for the items copied.**  The practice of
> this court is to allow taxation of copies
> at $.15 per page or the **actual cost
> charged by commercial copiers, provided
> such charges are reasonable.**  **The cost of
> copies obtained for the use and/or
> convenience of the party seeking recovery
> and its counsel is not allowable.**

Local Rule 54.2(f)(4) (emphases added).  In support of

its request for copying costs, Defendant submitted an

invoice from Professional Image.  Defense counsel

explains that "the copying charges were reasonable and

. . . necessitated by requirements of the court for the

court's copies, a copy for Plaintiffs' counsel, and a

copy for Defendant."  This explanation is inadequate

and fails to comply with Local Rule 54.2(f)(4).  Mr.

Burke's declaration neither describes the documents

copied, nor explains the use of or intended purpose for

the items copied.  Without this information, the Court

cannot determine whether the copies were necessary

and/or reasonable.  The fact that the copies were

purportedly necessary to provide courtesy copies to the

Court and Plaintiffs' counsel does not alone justify

the significant expense.  Moreover, Defendant is not

permitted to seek recovery of the cost of copies made

for its use, which, based on Mr. Burke's

representation, it is clearly doing here.[2]  For these

reasons, the Court declines to tax copying/outside

---

[2]  Thus, even if the Court had taxed the copying costs, the amount would at minimum be reduced by one-third.

printing costs.

E.    Total Taxable Costs

        In sum, the Court finds that $1,891.00 in

service costs, $21,936.29 in deposition transcript

costs, and $2,612.56 in witness fees are taxable.

The Court therefore recommends that the district court

tax **$26,439.85** in costs.

CONCLUSION

        In accordance with the foregoing, this Court

FINDS and RECOMMENDS that Defendant's Bill of Costs,

filed December 14, 2010, be GRANTED IN PART and DENIED

IN PART.  The Court recommends that the district court

award Defendant **$26,439.85** in costs.

        IT IS SO FOUND AND RECOMMENDED.

        DATED: Honolulu, Hawaii, January 5, 2011.



                          _____
                          Kevin S.C. Chang
                          United States Magistrate Judge

CV 08-00189 SOM-KSC; Rodriguez, et al. v. General Dynamics; FINDINGS
AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT'S BILL
OF COSTS