IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STEPHANIE RODRIGUEZ, et al., </br></br>   Plaintiffs, </br></br>   vs. </br></br> GENERAL DYNAMICS ARMAMENT AND TECHNICAL PRODUCTS, INC., et al., </br></br>   Defendants. | CIVIL NO. 08-00189 SOM/KSC </br></br> ORDER ADOPTING FINDINGS AND RECOMMENDATION OF MAGISTRATE JUDGE TO GRANT IN PART AND DENY IN PART DEFENDANT'S BILL OF COSTS |

ORDER ADOPTING FINDINGS AND RECOMMENDATION OF MAGISTRATE JUDGE
TO GRANT IN PART AND DENY IN PART DEFENDANT'S BILL OF COSTS

I.      INTRODUCTION.

On November 30, 2010, this court entered judgment pursuant to a jury verdict in favor of Defendant General Dynamics Armament and Technical Products, Inc. ("General Dynamics"). See ECF No. 783. On December 14, 2010, General Dynamics filed a bill of costs. See ECF No. 786. On January 5, 2011, Magistrate Judge Kevin S.C. Chang issued his Findings and Recommendation to Grant in Part and Deny in Part Defendant's Bill of Costs ("F&R"). See ECF No. 793. On January 18, 2011, General Dynamics timely filed objections to the F&R. See ECF No. 795. After de novo review of the parts of the F&R to which General Dynamics has filed objections, and agreeing with the rest of the F&R, the court adopts the F&R in its entirety.

II.     STANDARD.

The prevailing party in a lawsuit is permitted to recover certain costs expended in prosecuting or defending the lawsuit. See 28 U.S.C. § 1920; Fed. R. Civ. P. 54(d)(1); Local Rule 54.2. When there are objections filed to the prevailing party's bill of costs, the court may refer the matter to a magistrate judge in the first instance for review and issuance of a Findings and Recommendation. See Local Rule 53.2.

The district judge reviews the magistrate judge's findings and recommendation prior to ruling on the motion, and may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate judge. Fed. R. Civ. P. 72(b). If a party timely objects to portions of the findings and recommendation, the district judge reviews those portions of the findings and recommendation de novo. Fed. R. Civ. P. 72(b)(3); Local Rule 74.2. The de novo standard requires the district court to consider a matter anew and arrive at its own independent conclusions, but a de novo hearing is not ordinarily required. United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989); Local Rule 74.2.

The district judge may accept the portions of the findings and recommendation to which the parties have not objected as long as it is satisfied that there is no clear error on the face of the record. See United States v. Bright, Civ. No.

07-00311 ACK/KSC, 2009 WL 5064355, at *3 (D. Haw. Dec. 23, 2009); Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003); Fed. R. Civ. P. 72(b) advisory committee's note.

The court finds this matter appropriate for resolution without a hearing. See Local Rule 7.2(d).

III. ANALYSIS.

General Dynamics raises three objections to the F&R. The court addresses each objection seriatim.

A. Deposition Transcripts ($2,514.75)

First, General Dynamics asserts that the Magistrate Judge erred in declining to award General Dynamics the cost of deposition transcripts for Elias Barrientes, Randall Meyer, Christopher Kennison, Jonathan Riggins, and Julius Riggins, Sr. See General Dynamics Obj. to F&R ("Obj.") at 2-7. These deposition transcripts totaled $2,514.75.

Local Rule 54.2(c) requires the prevailing party to submit "a memorandum setting forth the grounds and authorities supporting the request and an affidavit that the costs claimed are correctly stated, were necessarily incurred, and are allowable by law." In support of its bill of costs, General Dynamics submitted no memorandum, and provided only a brief declaration of counsel discussing the costs. See Bill of Costs, ECF No. 786; Decl. Edmund Burke, Dec. 14, 2010 ("12/14/10 Burke Decl."), ECF No. 786-2. In responding to the F&R, General

Dynamics argues for the first time that these transcripts were necessary because, even though Plaintiffs did not call these five witnesses, Plaintiffs included these persons on their list of trial witnesses in April 2010 and again in October 2010, after General Dynamics had completed the depositions. See Obj. at 2-7. Even if this is the case, the court does not disturb the F&R.

First, General Dynamics failed to properly support its original bill of costs with any such explanation. See 12/14/10 Burke Decl. ¶ 4 (stating only that "[t]he depositions were needed to assist in trial cross examination"). The court recognizes that it may, in its discretion, receive evidence not before the Magistrate Judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Rule 74.2. However, as General Dynamics advances no reason it could not have made a fuller record before the Magistrate Judge spent considerable time and effort carefully reviewing the bill of costs, this court declines to exercise its discretion to reopen the evidence. See United States v. Raddatz, 447 U.S. 667, 674-76 (1980) (recognizing a district judge's wide discretion in reviewing a magistrate judge's findings and determining whether to conduct a new hearing to receive additional evidence).

More importantly, General Dynamics incurred the deposition costs before knowing that Plaintiffs would list the witnesses. This was not a situation in which Plaintiffs caused

General Dynamics to conduct depositions. The subsequent witness lists, without the actual calling of the witnesses at trial, does not, without more, establish the necessity of the depositions.

      B.    <u>Daily Trial Transcripts ($18,637.79)</u>

Second, General Dynamics asserts that the Magistrate Judge erred in recommending the denial of $18,637.79, the cost of nineteen daily trial transcripts (covering the entire trial). Obj. at 7-8. Pursuant to 28 U.S.C. § 1920(1), the court may tax costs for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." In other words, if the transcripts were not necessary for the case, the stenographic fees are not taxable costs.

In support of recovering the costs of the daily trial transcripts, the declaration of counsel submitted in support of the bill of costs asserts only that "daily trial transcripts assisted in presenting accurate final argument, and the cross examination of later witnesses." 12/14/10 Burke Decl. ¶ 4. This demonstrates that General Dynamics obtained the trial transcripts because General Dynamics considered them convenient to have, but by no means shows that such transcripts were necessary. The fact that General Dynamics *routinely* ordered a transcript for each day of trial further suggests that the dailies were procured as a matter of custom rather than for any particular purpose. <u>Cf. Sussel v. Wynne</u>, Civ. No. 05-00444 ACK/KSC, 2007 WL 902369, at *2

(D. Haw. Mar. 21, 2007) (recommending award of $4,679.00 for several transcripts necessary to respond to a motion that required defendants to quote from particular testimony during trial), adopted, 2007 WL 1191902 (D. Haw. Apr. 20, 2007).  As the F&R points out, notes of counsel are traditionally used for preparing final argument and for examining later witnesses in a case.  The court agrees with the Magistrate Judge that General Dynamics has not demonstrated that the nineteen trial transcripts were necessary for presentation of its case.

        C.    <u>Copying ($20,750.52)</u>

Finally, General Dynamics argues that the Magistrate Judge erred in denying costs for copying General Dynamics's trial exhibits.  Obj. at 8-10.  Section 1920 permits recovery of costs for copies "necessarily obtained for use in the case."  28 U.S.C. § 1920(4); <u>see also</u> Local Rule 54.2(f)(4).  The court has reviewed the declaration and invoice, and agrees with the Magistrate Judge that copying costs in the amount of $20,750.52 are not supportable based on the material submitted to the court.  The declaration of counsel states only that the copies were for trial exhibits and lists the per item cost for various lines.  The invoice shows copying of upwards of 100,000 pages.  <u>See</u> Fees for Exemplification/Copies, ECF No. 786-7.  The court recalls that General Dynamics submitted large numbers of binders as its trial exhibits.  However, the court also recalls that the vast

majority of those documents were never used or even referred to at trial.

The court recognizes that exhibits prepared for use at trial are frequently more voluminous than exhibits actually offered at trial, as parties prepare exhibits concerned about a host of possible uses that they cannot know in advance will arise. Even recognizing this, the court is struck by the extraordinary difference between exhibits listed by General Dynamics and exhibits actually referred to at trial. General Dynamics submitted many times the volume of exhibits actually offered or referred to at trial. The trial judge was surrounded by binders during trial, including binders on multi-shelved carts behind her, on both sides of the bench, and along the length of the bench itself. Under the circumstances, the declaration of counsel submitted with the bill of costs, which merely parrots the statutory language that the charges were reasonable and necessary, does not meaningfully support the request for over $20,000 in copies for all of General Dynamics's potential exhibits in this case.

It may be that some portion of the copying costs that the Magistrate Judge recommends be disallowed should indeed be allowed, as certainly the court's and Plaintiffs' copies of defense trial exhibits actually offered at trial were, at a minimum, necessary. However, it may also be that the

unrecoverable fees that would be incurred in determining those limited copying costs might exceed the copying costs. In any event, not having the amount of those limited costs before it, the court sees no error in the Magistrate Judge's recommendation as to that matter.

IV.     CONCLUSION.

Having reviewed <u>de novo</u> the parts of the Magistrate Judge's F&R to which General Dynamics has objected, and agreeing with the rest of it, the court adopts it in full. The court awards General Dynamics $26,439.85 in costs.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 25, 2011.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Rodriguez v. General Dynamics Armament and Technical Products, Inc.; Civil No. 08-00189 SOM/KSC; ORDER ADOPTING FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT'S BILL OF COSTS

8