IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| STEPHANIE RODRIGUEZ, et al., | ) | CIVIL NO. 08-00189 SOM/LSC |
| | ) | |
| Plaintiffs, | ) | ORDER AFFIRMING MAGISTRATE |
| | ) | JUDGE'S ORDER DENYING |
| V. | ) | DEFENDANT'S MOTION TO REOPEN |
| | ) | LIMITED DISCOVERY FOLLOWING |
| GENERAL DYNAMICS ARMAMENT AND | ) | REMAND |
| TECHNICAL PRODUCTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER DENYING DEFENDANT'S MOTION TO REOPEN LIMITED DISCOVERY FOLLOWING REMAND**

Before the court is Defendant General Dynamics Armament and Technical Products ("GDATP") appeal of Magistrate Judge Kevin Chang's Order Granting in Part and Denying in Part Defendant's Motion to Reopen Limited Discovery Following Remand ("Order"). See ECF No. 857. Pursuant to Local Rule 7.2(d), the court affirms the Magistrate Judge's order without a hearing.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 74.1, a party may appeal to a district judge any pretrial nondispositive matter determined by a magistrate judge. Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge's order may be reversed by a district court only if it is "clearly erroneous or contrary to law." The threshold of the "clearly erroneous" test is high. "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co.,

333 U.S. 364, 395 (1948). See also Thorp v. Kepoo, 100 F. Supp. 2d 1258, 1260 (D. Haw. 2000) (stating that the clearly erroneous standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed").

As the court and the parties have a long history with this case, the court includes only those facts necessary to the present issue.

GDATP seeks to classify Army investigator, Phillip Leong, as an expert witness. See Motion at 1, ECF No. 858. According to GDATP, designating Mr. Leong as an expert witness would "satisfy the Ninth Circuit's concerns that led to the reversal of the judgment." Id. at 2. GDATP complains that, at the status conference on April 26, 2013, before Magistrate Judge Chang, GDATP advised both Magistrate Judge Chang and opposing counsel of its intention "to move the Court to reopen limited discovery to allow GDATP to designate Mr. Leong as a Fed. R. Evid. 702 witness and conduct discovery to obtain updated damages information," yet "[s]pecific discovery deadlines were not discussed at the hearing" and "on April 30, 2013 Magistrate Chang issued a Scheduling Order indicating that all discovery was closed, before GDATP had the opportunity to meet and confer and file a motion." Id. at 2-3.

GDATP claims that Magistrate Judge Chang's ruling was "clearly erroneous and contrary to law." Id. at 5. GDATP argues:

> The Order is erroneous and contrary to law because it applies the wrong standard in finding that GDATP is "bound by the good cause standard set forth in FRCP 16(b), which focuses primarily on the diligence of the party seeking amendment of the scheduling order, because permitting further discovery and allowing Defendant to designate Mr. Leong as an expert would require amendment of the scheduling order." Further, even applying the wrong standard, the Order is clearly erroneous in not finding that there is good cause to reopen limited discovery in light of the Ninth Circuit's opinion.

Id. at 5 (citations omitted). GDATP subsequently filed its Motion to Reopen Limited Discovery ("Motion"). ECF No. 849. After a hearing was held, ECF No. 856, Magistrate Judge Chang issued his Order. ECF No. 587.

The Order thoroughly addressed GDATP's arguments regarding Mr. Leong:

> [T]he court denies the request to add Mr. Leong as an expert because Defendant has not established good cause for doing so. Throughout the course of this litigation, Defendant has failed to exercise diligence. See e.g., Doc Nos. 454, 583. Back on August 11, 2010, this Court denied Defendant's belated attempt to add an additional expert witness, noting Defendant's delays in filing motions. Even after the disposition of the appeal, Defendant waited nearly four months to file this Motion. To allow Defendant to designate Mr. Leong as an expert now would

3

contravene Rule 16, insofar as Defendant did not successfully designate Mr. Leong as an expert before the expiration of the expert disclosure deadline back in 2009. The Court recognizes that Defendant was unable to obtain approval from the Army to call Mr. Leong as an expert. However, Defendant also failed to convince Chief Judge Mollway to permit Mr. Leong to offer his opinions and conclusions under FRE 614 and 706. **Astonishingly, Defendant argues that the events that occurred prior to trial are irrelevant. Contrary to Defendant's assertion, the Court's prior rulings and orders are law of the case and relevant and binding.**

Defendant is certainly entitled to defend in the manner it believes is most effective, but that entitlement is not without limitation. The purpose of remand is not to place the parties in a more favorable position than they were in prior to the trial, nor to authorize relief that was previously denied; it is simply to retry the case with clarification from the Ninth Circuit about the permissible scope of Mr. Leong's testimony. Defendant submits that designation of Mr. Leong as an expert will rectify and cure the deficiencies identified by the Ninth Circuit. However, designation of Mr. Leong as an expert is not necessary to comply with the Appellate Order; compliance can be achieved by addressing the scope of his testimony, assuming he testifies. Defendant's argument that Mr. Leong's trial testimony would be identical is not well taken. If Mr. Leong was designated as an expert, it is difficult to believe that Defendant would not consider an opportunity to question and enlarge the scope of Mr. Leong's testimony given the absence of constraints that Defendant was subject to at the first trial. As such, the request presented to the Court is not one merely to retitle Mr. Leong. A change in Mr. Leong's

> designation would fundamentally and substantively alter his role and involvement at the retrial and it would have a substantial impact on Plaintiffs and the Court.
>
> Further, Defendant will not be prejudiced by a denial of its request to designate Mr. Leong as an expert because it has other experts who can offer similar testimony as Mr. Leong.  Defendant itself argued to the Ninth Circuit that any error regarding the admission of Mr. Leong's testimony was harmless because its designated experts would have testified the same.  It is somewhat disingenuous for Defendant to now argue that Mr. Leong is the only expert witness whose testimony can support its defense.
>
> On the other hand, Plaintiffs would suffer undue prejudice if Defendant is permitted to name Mr. Leong as an expert.  The naming of Mr. Leong as an expert will require additional discovery, further deposition, and possibly the naming of a rebuttal expert, all of which will increase expenses and cause delays.  Moreover, at the hearing, Plaintiffs indicated that they would file a Daubert motion if Mr. Leong is designated as an expert.  Such additional and unnecessary motions practice and delay would disrupt the Court's calendar, impair the Court's ability to manage its docket, and interfere with the expeditious resolution of this action.  For these reasons, the Court denies Defendant's request to designate Mr. Leong as an expert and authorize discovery related thereto.

Order at 8-12 (emphasis added and internal footnotes omitted).

There is nothing that is clearly erroneous or contrary to law in Magistrate Judge Chang's Order.  GDATP's complaint that the Order "erroneously held that Rule 16(b) governed the Motion,"

Motion at 5, is incorrect.  The court finds GDATP's assertion that its Motion was not about scheduling deadlines to be completely disingenuous.  GDATP asserts: "GDATP was not seeking to extend scheduling deadlines; the Scheduling Order deemed discovery closed.  GDATP requested permission to conduct discovery after remand, an activity that had been foreclosed."  Id.  GDATP is seeking to reopen discovery after the discovery cutoff.  This is a request for an extension.

This court adopts Magistrate Judge Chang's well-reasoned Order, which thoroughly addresses the remainder of GDATP's arguments.  GDATP's Motion is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 29, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Rodriguez v. General Dynamics Armament and Technical Products, Inc., Civ. No. 08-00198 SOM/RLP; ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER DENYING DEFENDANT'S MOTION TO REOPEN LIMITED DISCOVERY FOLLOWING REMAND